**Wright v. Baysinger**

*J. J. Murphy,* for plaintiff.
*Daniel J. Ryan,* for defendant.

HIRSH, J., October 26, 1970.—This matter is before the court on defendant's motion for summary judgment.

Plaintiff's complaint alleges that defendant, a fellow employe, "accidentally caused the desk chair whereon the plaintiff was about to sit to be carelessly and negligently removed in such a manner that when plaintiff attempted to sit in the chair, which had thus been removed, he was caused to fall backwards and unto the floor," and that, as a result, plaintiff suffered serious injuries to his back.

Defendant has filed a motion for summary judgment and argues in support of same that plaintiff's claim is barred by the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended.

Plaintiff's injury was compensable under the provisions of the Pennsylvania Workmen's Compensation Act and plaintiff was, in fact, paid compensation in accordance with the terms of the act. The act provides, 77 PS §72, as follows:

"If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong."

There being no allegation by plaintiff that there was an intentional injury inflicted upon him by defendant, the incident clearly falls within the provisions of the Workmen's Compensation Act, as above cited, and, therefore, defendant cannot be held liable at "common law or otherwise" as provided by the act.

Ordered, upon consideration of defendant's motion for summary judgment and the memorandum and support thereof, as well as the argument thereon, and the court being fully advised, that defendant's motions for summary judgment be and are hereby granted.